Terrence Kevin **BETHEA**, Appellant

v.

**FEDERAL BUREAU OF PRISONS**, Appellee.

No. 10–5065.

United States Court of Appeals, District of Columbia Circuit.

Oct. 15, 2010.

Terrence Kevin Bethea, Washington, DC, pro se.

Before: ROGERS, GRIFFITH, and KAVANAUGH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing and the motion for appointment of counsel, it is

■ **ORDERED** that the motion for appointment of counsel be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

■ **FURTHER ORDERED AND ADJUDGED** that the district court's order filed February 3, 2010, be affirmed. The district court properly dismissed appellant's case. There is no legal basis for appellant's claim that he is entitled to have good time credit earned prior to his release on parole applied to his sentence following parole revocation. *See* D.C.Code § 24–406(a) ("If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him *after* his return to custody." (emphasis added)); *Jones v. Clemmer,* 163 F.2d 852, 853 (D.C.Cir.1947) ("[A]ny right to commutation which [a prisoner] may have earned at any time before he was recommitted to the reformatory was conditional and was forfeited by his violation of parole.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.